IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: ELIZABETH JULIA PAWLAK      :

_____
                                   :

ELIZABETH JULIA PAWLAK
        Appellant                  :

    v.                             :   Civil Action No. DKC 15-2665

                                   :

UNITED STATES DEPARTMENT OF
EDUCATION, et al.                  :
        Appellees

**MEMORANDUM OPINION AND ORDER**

On September 9, 2015, Appellant Elizabeth Julia Pawlak ("Appellant") filed an appeal from an order of Bankruptcy Judge Wendelin I. Lipp granting default judgment in favor of Appellee United States Department of Education ("Appellee"). (ECF No. 1). On April 20, 2016, Appellant filed a motion to remand this action to bankruptcy court, "[f]or the reason apparent from the enclosed Exhibits." (ECF No. 9). Appellant's exhibits were a medical report and an email from Appellee's counsel referencing Appellant's news regarding a medical condition. (ECF Nos. 10; 10-1). Counsel's email suggested that Appellant seek remand to allow her "to supplement the record and make a showing that this condition is one that will qualify [her] for an undue hardship exemption and discharge. Then it will be up to us to take a position . . ., and then the bankruptcy court can decide." (ECF

Nos. 10-1; 13-4, at 3-4).[1]   Based on those exhibits, the court determined that Appellant sought to remand this action in order to supplement the record in light of new circumstances and allow the bankruptcy court proceedings to continue.   The court therefore construed the motion to remand as a motion for voluntary dismissal pursuant to Federal Rule of Bankruptcy Procedure 8023.   The rule provides: "An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the district court[.]"   Based on Appellant's motion and the attached email from Appellee's counsel effectively consenting to the motion, the court granted Appellant's motion, remanded this case to the bankruptcy court, denied Appellant's other pending motions as moot, and directed the clerk to close this case on April 22, 2016.   (ECF Nos. 11; 12).

On June 30, 2016, as the remanded case was proceeding, Appellant filed the instant motion to reopen and amend the April 22 order.   (ECF No. 13).   Appellee responded (ECF No. 14), and Appellant filed a reply and a supplemental to her reply (ECF Nos. 15; 16).   Appellant now contends that it was not her intention to seek a voluntary dismissal of her appeal.   Instead, she argues that she sought an order remanding the action "solely for settlement conferences and negotiations while retaining

---

[1] While Appellant initially filed this email under seal, she filed it publicly as an exhibit to the pending motion. (ECF No. 13-4).

2

jurisdiction over the appeal by this District Court." (ECF No.
13, at 2). Appellant also argues that, "most importantly, it
appears that despite [] the order of April 22, 2016, the
undersigned is also 'out of court' in the bankruptcy court" (*id.*
at 3), citing Judge Lipp's June 21, 2016, order denying her
motion for a stay of collection efforts (ECF No. 13-10).

Appellant's argument is belied by the facts, and she has
not shown grounds for reconsideration. Her motion to remand
contained no reference to settlement proceedings. (*See* ECF Nos.
9; 10-1). Appellant represented that the parties were seeking
remand to supplement the record and have the bankruptcy court
decide if she had shown that she qualified for an undue hardship
exemption and discharge. (ECF Nos. 10-1; 13-4, at 3-4). As she
similarly represented to the bankruptcy court on May 31, 2016,
she "filed with the district court a motion to remand the matter
to this bankruptcy court in order to supplement the record in
light of new circumstances." (ECF No. 13-5, at 1-2). It was
not until after the bankruptcy court denied her motion to stay
collection efforts, two months after remand, that she filed this
motion for reconsideration in an attempt to cabin the bankruptcy
court's jurisdiction "to the parties['] settlement discussions
and proposed settlement." (ECF No. 13, at 1). Further,
Appellant did not request, and Appellee did not consent to, this
court retaining jurisdiction over her appeal when the action was

remanded.    Appellant's    dissatisfaction    with    the    subsequent proceedings  does  not  merit  reopening  her  appeal.    Appellant fails  to  set  forth  any  basis  for  the  court  to  reconsider  its April 22 order.

Accordingly,  it  is  this  22nd  day  of  December,  2016,  by  the United  States  District  Court  for  the  District  of  Maryland, ORDERED that:

1.    The motion  to  reopen  case  and  amend  the  Order  of  April 22,  2016,  filed  by  Appellant  Elizabeth  Julia  Pawlak  (ECF  No.  13) BE,  and the same hereby IS, DENIED; and

2.    The  clerk  will  transmit  copies  of  the  Memorandum Opinion  and  Order  directly  to  Appellant  and  to  counsel  for Appellee.

                                              /s/
                              DEBORAH K. CHASANOW
                              United States District Judge